IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY ROBINSON, #18027463, PETITIONER, | § § § § |
| v. | §  CIVIL CASE NO. 3:20-CV-1688-B-BK § |
| DALLAS COUNTY SHERIFF, ET AL., RESPONDENTS. | § § § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Gregory Robinson's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be **DISMISSED**.

### I. BACKGROUND

Robinson, a state pretrial detainee in the Dallas County Jail, challenges the criminal charges pending against him. Doc. 6 at 3 (*Amended Petition*). He is awaiting trial on grand jury indictments charging him with theft of property, burglary of a building, and evading arrest. *State v. Robinson*, Nos. F1854015, F1854016, F1876293, F1876298 (194th Jud. Dist. Court, Dallas Cty.).[1] Robinson requests that the criminal charges be dismissed and that he be released from confinement because of malicious prosecution, false imprisonment, prosecutorial misconduct, and double jeopardy violations. Doc. 6 at 4-6, 8. In addition, he complains that his conditions of

---

[1] The state court docket sheets are available at https://www.dallascounty.org/services/public-access.php (last accessed Sep. 9, 2020).

confinement amount to deliberate indifference due to the COVID-19 pandemic.  Doc. 6 at 6.[2]

Upon review, the Court finds that Robinson has failed to exhaust available state court remedies and that his conditions-of-confinement claims premised on the COVID-19 pandemic are unrelated to the cause or duration of his detention.  Therefore, his petition should be dismissed.[3]

**II.   ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under § 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[4]

**A.  Failure to Exhaust Available State Court Remedies**

In light of his *pro se* status, the Court liberally construes Robinson's petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the

---

[2] Robinson also seeks monetary relief for his false imprisonment.  Doc. 6 at 8.  But monetary damages are not available in a habeas action, which is the proper vehicle to challenge only the fact or duration of confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

[3] Robinson's mother prepared and filed the amended habeas corpus petition.  Doc. 6 at 2, 13.  Because the case should be summarily dismissed, the Court finds no reason to address whether she qualifies for "next friend" status.  *See* 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the RULES GOVERNING SECTION 2254 CASES.

[4] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by Section 2254.

case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available ... remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08 (West 2020). If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2.

Robinson concedes that he has not satisfied the exhaustion requirement. A review of his *Amended Petition* confirms that he did not file a state habeas application raising his claims. Doc. 6 at 2, 4 (acknowledging no exhaustion and verifying only the filing of motions with the trial court without success). Further, a search of online records reflects the filing of no Article 11.08

state habeas application or appeal.⁵  Therefore, the Texas Court of Criminal Appeals has not had an opportunity to consider Robinson's claims and, consequently, they remain unexhausted.

### B. Conditions of Confinement Claim Not Cognizable

Robinson also complains that his conditions of confinement amount to deliberate indifference due to the COVID-19 pandemic.  Doc. 6 at 6.  It is well established, however, that habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," and that civil-rights actions are typically used to attack conditions of confinement.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).  *See also Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976) (concluding habeas relief generally exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").  Thus, where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release.  *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *see also Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (summarizing Fifth Circuit principles and noting circuit split as to whether conditions of confinement claims can be brought in habeas petitions).

Robinson's conditions-of-confinement claims premised on the COVID-19 pandemic are unrelated to the cause or duration of his detention.  Indeed, his allegations, even if true, would not necessarily entitle him to an earlier or speedier release.  As such, the Court concludes that it

---

⁵ The Texas Court of Criminal Appeals and Texas Fifth District Court of Appeals docket sheets are available at https://www.txcourts.gov/cca/ and https://www.txcourts.gov/5thcoa/ (last accessed Sep. 9, 2020).

lacks subject matter jurisdiction over Robinson's habeas petition insofar as it challenges the conditions of his confinement.

### III.  CONCLUSION

For the foregoing reasons, Robinson's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  To the extent he challenges his conditions of confinement due to the COVID-19 pandemic, his claim should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on September 15, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).